# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FLANGE, INC., | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | NO. 10-40042-TSH |
| | **)** | |
| KEE SAFETY, INC., f/k/a KEE | ) | |
| INDUSTRIAL PRODUCTS, INC., | ) | |
| Defendant | ) | |
| | ) | |

### ORDER RE: DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT
### July 23, 2010

**Hillman, M.J.,**

### Nature of the Proceeding

By consent of the parties, this matter has been assigned to me for all purposes pursuant to 28 U.S.C. §636(c). This Order addresses the Motion to Dismiss (Docket No. 9) filed by the Defendant and Plaintiff's Motion for Leave to Amend Complaint And Jury Demand (Docket No. 14).

### Nature of the Case

Flange, Inc. ("Flange") filed Plaintiff's Complaint And Jury Demand (Docket No.1) ("Complaint") against Kee Safety, Inc. ("Kee") seeking damages for an alleged breach of contract.

**Background**

On February 19, 2010, Flange, filed its Complaint in the United States District Court for the District of Massachusetts, Central Division, alleging a breach of contract claim and invoking jurisdiction under 28 U.S.C. §1332 (diversity jurisdiction) and 28 U.S.C. §1441 (removability of actions from state court). *See* Complaint, at ¶3(a). Kee filed Defendant's Answer And Jury Demand (Docket No. 5)("Answer") on April 1, 2010, in which it averred that it was unable to admit or deny whether there is diversity jurisdiction and denying that Section 1441 provides a basis for jurisdiction. *See* Answer, at ¶ 3. On April 7, 2010, Kee filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), asserting that the Court must dismiss this case for lack of subject matter jurisdiction because the Plaintiff had failed to allege the minimum amount in controversy required by statute ($75,000). On April 13, 2010, Flange filed Plaintiff's Amended Complaint And Jury Demand (Docket No. 12)("Amended Complaint") asserting Section 1332 (diversity of citizenship) as its sole basis for jurisdiction and stating, without further elaboration, that "the amount in controversy exceeds $75,000." *See* Amended Complaint, at ¶3. On April 14, 2010, the Clerk's Office, issued a Notice of Correction indicating that Flange had failed to file a motion to amend its complaint and instructed counsel for Flange to do so. On April 15, 2010, Flange filed a motion for leave to amend under Fed. R. Civ. P. 15(a)(1)(B). *See* Docket No. 14.

**Discussion**

*Flange's Motion to Amend Complaint*

Kee filed its Answer on April 1, 2010 (Flange served Kee that same date) and its motion to dismiss on April 7, 2010. Flange then filed its Amended Complaint on April 13, 2010. Flange's Amended Complaint was stricken by the Clerk's Office and Flange was instructed to

Case 4:10-cv-40042-TSH   Document 19   Filed 07/23/10   Page 3 of 5

file a motion for leave to amend its Complaint in accordance with this Court's rules. However, Fed. R. Civ. P. 15 was amended, effective December 1, 2009, to provide that "[a] party may amend its pleading once as a matter of course ... if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier". *Id.,* at 15(a)(1).

Under the revised rule, Flange was well within the 21 day window and therefore, as stated in its motion, was entitled to amend its Complaint as a matter of course, that is, without leave of court. Accordingly, Flange's Amended Complaint shall stand and its Motion for Leave to Amend (Docket No. 14) shall be *denied* as moot.

### *Kee's Motion to Dismiss under Rule 12(b)(1)*[1]

Federal courts are forums of limited subject matter jurisdiction. *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008). Jurisdiction is "authorized by the Constitution and expressly conferred by Congress." *Destek Group, Inc. v. State of New Hampshire Public Utilities Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003). Pursuant to Section 1332(a), Congress has conferred subject matter jurisdiction on the federal courts where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Ordinarily, a plaintiff's good faith claim of the amount in controversy controls the action. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). A plaintiff's claim can be challenged and, once a claim is challenged, a plaintiff need only show facts with "sufficient particularity" that it is not a legal certainty that the amount in controversy is not less than the

---

[1] At the hearing, both parties argued the issue of whether if Flange's motion to amend were allowed, the Amended Complaint would sufficiently allege diversity jurisdiction under Section 1332. For that reason, I will treat Kee's Motion to Dismiss as having been filed against the Amended Complaint.

jurisdictional limit. *Id.*, at 288 n.10; *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004).

In its motion, Kee asserts that the amount in controversy requirement of 28 U.S.C. §1332 has not been met. I agree. Flange has not alleged any facts which would support a finding that its damages meet the jurisdictional threshold. Instead, Flange simply asserts that the amount in controversy exceeds $75,000. When questioned at the hearing, counsel for Flange articulated a somewhat vague theory of expectation damages which, for the most part, he based on a magazine article which is not attached to the Amended Complaint or otherwise part of Flange's pleading.

Counsel for the Plaintiff has suggested that, if the action is dismissed, Flange will immediately file suit in State court and, in the interest of judicial economy, it is in this Court's interest to proceed in this matter. However, that judicial economy would favor this Court's retaining this action does not outweigh otherwise deficient jurisdictional issues. "Limits on federal court jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen v. Kroger*, 437 U.S. 365, 374 (1978). Simply put, if Flange cannot establish either by way of affidavit or a further amendment to its pleading that the amount in controversy is at least $75,000, then this Court *must* dismiss the action for lack of subject matter jurisdiction.

Since the hearing on this motion, an new lawyer has filed an appearance for Flange. Given that new counsel may be able to review Plaintiff's case and better articulate its belief that it has suffered damages in excess of $75,000, I am going to give Flange one last opportunity to amend its pleading to properly assert subject matter jurisdiction.

**Conclusion**

Plaintiff's Motion for Leave to Amend Complaint And Jury Demand (Docket No. 14) is *denied,* as moot.  The Defendant's Motion to Dismiss (Docket No. 9) is *allowed*.  Plaintiff may seek leave to file a further amended complaint on or before August 12, 2010.  Defendants shall file any opposition thereto by August 26, 2010.  No further replies will be permitted.

/s/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**MAGISTRATE JUDGE**